IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHEEM WILLIS,<br><br>*Plaintiff*,<br><br>v.<br><br>STEPHEN BUZAS, *Deputy Superintendent*, *et al*,<br><br>*Defendants*. | Civil Action No. 2:25-cv-612<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

**ORDER OF COURT**

Plaintiff Raheem Willis ("Willis") brought this *pro se* civil rights action asserting claims stemming from medical treatment that he received while incarcerated in the State Correctional Institution at Greene ("SCI Greene"). He alleges that prison officials and medical personnel failed to properly diagnose and treat his kidney disease and related symptoms. (ECF No. 9). Presently before the Court are four separate motions to dismiss.

Defendants Stephen Buzas, C. Greenawalt, A. Miller, and D. Varner (collectively, "DOC Defendants"[1]) filed a motion to dismiss. (ECF No. 19). In a Report and Recommendation, Magistrate Judge Patricia L. Dodge recommended that the motion be granted in part and denied in part. (ECF No. 64). At this point in the litigation, she concluded that Willis's claims premised on his kidney disease accrued on August 1, 2023, when he was first made aware of his diagnosis, and that his claims are timely because he filed his initial complaint on May 6, 2025. (*Id*. at 5). She recommended that, "to the extent that [Willis] seeks to assert any § 1983 claims against the DOC Defendants in their official capacities for monetary damages, those claims are

[1] The DOC Defendants are all employed by the Pennsylvania Department of Corrections ("DOC") in non-medical capacities at SCI Greene. (ECF No. 9, ¶¶ 5-6, 15-16).

barred by the Eleventh Amendment and should be dismissed" with prejudice. (*Id*. at 6 and 11). As to his official capacity claims, Magistrate Judge Dodge noted that they were not inherently barred by the Eleventh Amendment as Willis remains incarcerated at SCI Greene and he has alleged ongoing injury. That said, she recommended the dismissal without prejudice of Willis's Eighth Amendment denial of medical care claims against the DOC Defendants as he pled insufficient allegations demonstrating their personal involvement in the alleged misconduct. (*Id*. at 7-11). She recommends that Willis be granted leave to amend his individual claims solely to establish personal involvement of the DOC Defendants. (*Id*. at 11). The parties were given the opportunity to file objections, and Willis did so. (ECF Nos. 77 and 78). Willis submits that "this is a very serious medical emergency case," he "has stage 2 kidney cancer," and he set forth "enough facts to state a claim." (ECF No. 78).[2]

Defendants Dr. Chang, Sunita N. Jayakumar, Natalie Austin, Denise C. Daniel, Mark E. Hammer, Lisa R, Baird, and Byunghak Jin (collectively, "SCI medical providers") filed a motion to dismiss (ECF No. 39), and then a second motion to dismiss all claims against them following bankruptcy discharge (ECF No. 41). Defendant Arthur M. Santos ("Santos") also filed a motion to dismiss, or in the alternative, a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 50). In a Report and Recommendation, Magistrate Judge Dodge recommended that the motions be granted in part and denied in part. (ECF No. 82). She initially concluded that, at this point in the litigation, Willis's claims premised on his kidney

[2] Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

disease accrued on August 1, 2023, when he was first made aware of his diagnosis, and that his claims are timely because he filed his initial complaint on May 6, 2025. (*Id*. at 6). She also recommended Santos's motion be denied with respect to exhaustion as Willis properly exhausted his administrative remedies through Grievance No. 1046944 with the DOC. (*Id*. at 9-11).

Next, as to the Chapter 11 reorganization plan of Wellpath Holdings, Inc. ("Wellpath"), Magistrate Judge Dodge concluded that because Willis's claims arose before November 11, 2024, Willis was seemingly required to opt out of the Third-Party Release to preserve any claims against employees of Wellpath or the affiliated debtor-companies. He did not do so. (*Id*. at 7). Magistrate Judge Dodge chose not to convert the SCI medial providers' motion on the bankruptcy discharge into one for summary judgment because Willis's complaint alleged the SCI medical providers were employed by the DOC, the complaint made no mention of Wellpath, and no evidence was presented to support the SCI medical providers' employment status. She determined that the complaint was subject to dismissal on Rule 12(b)(6) grounds. (*Id*. at 8). To the extent Santos also sought dismissal on the basis that Willis failed to opt out of the Third-Party Release, Magistrate Judge Dodge found that at all relevant times he worked for Alumni Staffing, LLC, which was not Wellpath or an affiliated debtor under the Chapter 11 reorganization plan, and therefore the claims against him are not subject to the Third-Party Release. (*Id*. at 9). She recommended that Santos's request for dismissal on grounds related to the Wellpath bankruptcy be denied. (*Id*.).

As to the Eighth Amendment claims against the SCI medical providers and Santos, Magistrate Judge Dodge recommended they be dismissed without prejudice for failure to state a claim. She noted that Willis's allegations failed to show these Defendants were involved in any actionable wrongdoing, and that they were deliberately indifferent to Willis's medical needs.

The parties were given the opportunity to file objections. Only the SCI medical providers filed objections. (ECF No. 84). They contend that they are employees of Wellpath and attached a Verification of Joshua Shola ("Shola"), the Health Services Administrator at SCI Greene. Shola states that the SCI medical providers are employees of Wellpath and were never employees of the DOC or independent contractors. (ECF No. 84-1). Courts may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). When "matters outside of the pleadings" are presented to and are not excluded by the court on a Rule 12(b)(6) motion, the court must instead convert the motion into one for summary judgment under Federal Rule of Civil Procedure 56, after giving proper notice to the parties. FED. R. CIV. P. 12(d); *In re Rockefeller Ctr. Prop., Inc. Secs. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Notice must be "unambiguous" and "fairly apprise" the parties of the court's intention to convert the motion. *Rockefeller*, 184 F.3d at 288. Here, Magistrate Judge Dodge did not convert the Rule 12(b)(6) motion into a motion for summary judgment. It is of note that Willis failed to respond to the SCI medical providers' motion despite multiple court orders and notices from the SCI medical providers. The Court is reluctant to now convert the motion to one for summary judgment, especially because it concurs with Magistrate Dodge that the motion can be adjudicated under Rule 12(b)(6).

AND NOW, this 25th day of August 2026, the Court hereby APOPTS Magistrate Judge Dodge's Reports and Recommendations (ECF Nos. 64 and 82) as its Opinions. It OVERRULES the objections. (ECF Nos. 77, 78, and 84). The Court concurs with Magistrate Judge Dodge's

thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in her Reports and Recommendations.

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss (ECF No. 19) is GRANTED as follows:

1. The official-capacity claims seeking monetary damages against the DOC Defendants are DISMISSED WITH PREJUDICE; and

2. The individual claims and claims seeking declaratory and injunctive relief against the DOC Defendants are DISMISSED WITHOUT PREJUDICE.[3]

IT IS FURTHER ORDERED that the SCI medical providers' motion to dismiss based on the Wellpath bankruptcy (ECF No. 41) is DENIED WITHOUT PREJUDICE. This motion may be reasserted should Willis elect to file an amended complaint and include claims against the SCI medical providers.

IT IS FURTHER ORDERED that the SCI medical providers' motion to dismiss the Eighth Amendment claims for failure to state a claim (ECF No. 39) is GRANTED, and the claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Santos's motion to dismiss (ECF No. 50) is GRANTED IN PART and DENIED IN PART. The motion to dismiss the Eighth Amendment claims for failure to state a claim is GRANTED, and the claims are DISMISSED WITHOUT PREJUDICE. The motion to dismiss for failure to exhaust administrative remedies is DENIED.

IT IS FINALLY ORDERED that Willis shall file an amended complaint in compliance with Federal Rule of Civil Procedure 8 on or before **October 13, 2026**, and it must: (1) fully and clearly allege a factual basis for the personal involvement of each defendant in the alleged

---

[3] The DOC Defendants may reassert their statute-of-limitations defense if Willis files an amended complaint and after the factual record has been more fully developed.

violation of Willis's Eighth Amendment rights; (2) be a pleading that stands by itself without reference to other filings in this case; and (3) not re-allege claims that have been dismissed with prejudice. Should Willis elect not to file an amended complaint, this case will be closed.

BY THE COURT:

s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE